UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REIMER H.,

            Plaintiff,

   v.

ANDREW M. SAUL,
Commissioner of Social Security,

            Defendant.

CASE NO. C20-0793-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds *pro se* in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1981.[1] He has a high school education and past relevant work in a composite job consisting of heavy equipment operation and laborer salvage. (AR 27, 122.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
PAGE - 1

Having previously been found not disabled after a hearing before an ALJ (AR 99-111), plaintiff again applied for DIB and SSI on July 11, 2018, alleging an onset date of September 22, 2015. These applications were denied and plaintiff timely requested a hearing.

On November 4, 2019, ALJ Lori L. Freund held a hearing, taking testimony from plaintiff, a medical expert, and a vocational expert (VE). (AR 38-95.) On November 21, 2019, the ALJ issued a decision finding plaintiff not disabled before June 5, 2017 but disabled from that date. (AR 15-31.) Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had worked since the alleged onset date, but that work did not rise to the level of substantial gainful activity. (AR 19.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that after the alleged onset date of September 22, 2015, plaintiff's obstructive sleep apnea, morbid obesity, ADHD, major depressive disorder, and generalized anxiety disorder with PTSD features were severe impairments. (*Id.*.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment before June 5, 2017, but after that date medically equaled Listings 12.04 (Depressive, bipolar and related disorders) and 12.06 (Anxiety and obsessive-

compulsive disorders. (AR 20, 28.) Therefore, plaintiff was found disabled at step three commencing June 5, 2017.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. Addressing the relevant period before June 5, 2017, the ALJ found plaintiff capable of performing light work with additional specific limitations. (AR 22). With those limitations, the ALJ found plaintiff unable to perform past relevant work. (AR 27.)

Having found plaintiff disabled at step three beginning June 5, 2017, the ALJ's step four and five findings only applied to the period between September 22, 2015 and June 5, 2017. If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other representative occupations, such as warehouse checker, small parts assembler, and collator operator. (AR 28.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

In support of his appeal, plaintiff filed two statements addressed to the Court, as well as attachments consisting of a letter from a behavioral health consultant, David Ingebritsen, Ph.D., LCPC, of Marimn Health Medical Center, and a statement from Barbara Hagen of D & D Excavation regarding an auto accident suffered by plaintiff in December 2004 and resulting in injuries. (Dkt. 19 at 1-10.) Plaintiff argues his attorney did not adequately represent him at the hearing before the ALJ and failed to present "the proper information needed". (*Id.* at 1.) The Commissioner argues the contentions presented by plaintiff do not constitute a sufficient basis to sustain an appeal, and that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Standard of Review

In reviewing a denial of an application for social security benefits, the Court's role is "quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 491 (9th Cir. 2015). This Court cannot substitute its judgment for the ALJ. The Court cannot re-weigh the evidence – that is the job of the ALJ. If there are conflicts in the evidence, the ALJ is responsible for resolving those conflicts, not the Court. *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008). Even if the evidence could be rationally interpreted in more than one way, the Court must defer to the ALJ's interpretation of the evidence. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). Just because the ALJ "*could* have come to a different conclusion" does not give the Court grounds to reverse the ALJ's decision. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) (emphasis in original). "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the

Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

When an ALJ decision is appealed, the Court can only consider arguments actually made by the party filing the appeal. The Court cannot "manufacture arguments for an appellant" and therefore will not consider any claims not actually argued in the opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).)

In this case, the ALJ found the last day plaintiff would qualify for DIB was March 31, 2016, his "date last insured" (DLI). (AR 19.) In general, entitlement to DIB is based on a person having the required number of quarters of coverage during which the person earned the required amount of wages. 20 C.F.R. § 404.110, *et seq*. After the DLI, a person may otherwise qualify for SSI, but those benefits are often less than DIB. *See* § 416.204, *et seq*. In this case, an ALJ in a previous decision found plaintiff not disabled through September 21, 2015. Plaintiff filed another claim, asking for an award of benefits starting September 22, 2015. The second claim was heard by a different ALJ, who considered the evidence and found plaintiff disabled, but not until June 5, 2017. Because the date of disability was after plaintiff's DLI, plaintiff could only collect SSI, not DIB.

The ALJ's decision about the date of plaintiff's disability makes a considerable difference in the amount of benefits awarded to him and he strongly disagrees with the decision. But nothing in plaintiff's statements or attachments show the ALJ committed legal error. Although plaintiff states that "[t]he back date selected for payment was based off of a letter from Dr. [Funabiki] in which th[ere] was a misunderstanding of my mental health abilities and recovery" (Dkt. 19 at 1), the ALJ found Dr. Funabiki's June 5, 2017 letter served as the earliest date at which the medical evidence establishes plaintiff's impairment persisted at a severe level for twelve continuous

ORDER RE: SOCIAL SECURITY
PAGE - 5

months since September 22, 2015 (the date of disability upon which the second claim was based). (AR 20.) While plaintiff maintains he was disabled before that date from a traumatic brain injury, the ALJ found the medical evidence did not support that conclusion. Reviewing the reasons stated by the ALJ for this finding, this Court does not find it lacks the support of substantial evidence. The Court must therefore affirm the ALJ's decision.

## CONCLUSION

For the reasons set forth above, the Commissioner's decision is AFFIRMED.

DATED this 30th day of March, 2021.

Mary Alice Theiler
United States Magistrate Judge